**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **THOMAS E. LEWIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 13-CV-0133-CVE-TLW** |
| | ) | |
| **EMMA WATTS, Warden,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

On March 5, 2013, Petitioner filed a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss (Dkt. # 10), alleging that dismissal is warranted because the Court lacks jurisdiction, the petition is time barred, and the claims are unexhausted and procedurally barred. Petitioner failed to file a response to the motion to dismiss. For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss based on expiration of the one-year statute of limitations is granted. The petition for writ of habeas corpus is dismissed with prejudice.

***BACKGROUND***

Petitioner states that he is presently incarcerated pursuant to a 50 year sentence for Unlawful Possession of a Controlled Drug With Intent to Distribute, After Former Conviction of Two or More Felonies, entered in Stephens County District Court, Case No. CF-1987-98. <u>See</u> Dkt. # 1 at 1. He does not challenge the validity of his conviction in this action; instead he alleges that the Oklahoma Department of Corrections (DOC) has failed to award "work time credits" earned under Okla. Stat.

---

[1]Petitioner is currently in custody at Jackie Brannon Correctional Center where Emma Watts serves as Warden. Under Rule 2(a), <u>Rules Governing Section 2254 Cases</u>, Emma Watts, Warden, is the proper Respondent. Therefore, the Clerk of Court shall note on the record the substitution of Emma Watts, Warden, in place of Rodney Redman, Warden, as party Respondent.

tit. 57, § 138 (1980).  Id.  He asserts that he has been denied approximately 994 days as a result of DOC's failure to award sentence credits for the period of March 1989 through May 2006.  Id. at 2. Petitioner claims that if he were credited with those days, he would discharge his sentence.  Id.

The record provided by Respondent includes Petitioner's Consolidated Record Card (CRC). See Dkt. # 11-2.  The CRC demonstrates that on May 18, 2006, Petitioner was released on parole from his Stephens County conviction, with 3,463 days remaining to be served.  See id. at 9.  In his petition, Petitioner states he was returned to DOC custody in February 2008, see Dkt. # 1 at 2, following his conviction for Operating a Motor Vehicle While Under the Influence of Alcohol, entered in Coal County District Court, Case No. CF-2007-56.  Petitioner's CRC reflects that on September 25, 2008, his parole from the Stephens County conviction was revoked as a result of the Coal County conviction.  See Dkt. # 11-2 at 9.  As of April 30, 2013, Petitioner had 869 days remaining to serve on his Stephens County sentence.  Id. at 10.

On June 25, 2009, Petitioner submitted a Request to Staff, see Dkt. # 10-3, asking that he be credited with Ekstrand[2] credits for the period preceding his 2006 parole.  In that grievance, he states

---

[2] In Ekstrand v. Oklahoma, 791 P.2d 92 (Okla. Crim. App. 1990), abrogated on other grounds by Waldon v. Evans, 861 P.2d 311 (Okla. Crim. App. 1993), the Oklahoma Court of Criminal Appeals held that the 1988 amendments to Oklahoma's earned credit statute operated in an unconstitutional ex post facto manner as applied to prisoners who had been sentenced prior to the amendments' effective date.  Id. at 95.  As a result, DOC policy provides that, "[a]n inmate is entitled to earned credit as it existed under the law during the period beginning September 8, 1976, and ending October 31, 1988, on sentences in which the crime was committed prior to November 1, 1988" if the inmate "would earn more credit under the old earned [credit] system than under the class level system [adopted in 1988] . . . ."  See Dkt. # 10-12 at 20 (OP-060211(II)(E)(6) at 20). Pursuant to the credit system in place at the time Petitioner committed his Stephens County crime, an inmate was to earn a two day credit to his sentence for each day in which he was assigned to Oklahoma State Industries, private prison industries, agricultural production, or vo-tech training. See Dkt. # 10-13 at 1(OP-060211(II)(E)(6) at 21).  It is these sentence credits that Petitioner apparently sought in his grievance and that he now seeks in his habeas petition.

2

that, on May 7, 2009, he submitted a previous Request to Staff concerning the issue of Ekstrand credits. Id. On October 13, 2009, Petitioner filed a grievance concerning the administration of his sentence. See Dkt. # 10-4 at 1-2. The warden of his facility, Walter Dinwiddie, responded to the grievance on October 21, 2009, and denied relief. See id. at 3. Petitioner next attempted to appeal to the Administrative Review Authority (ARA), but, on November 4, 2009, his appeal was returned "unanswered" because he included attachments to his appeal in violation of DOC policy. See Dkt. # 10-5. He was advised that he could resubmit a corrected grievance within ten calendar days of the ARA's notice. Id. Petitioner again attempted to appeal to the ARA by submitting a corrected grievance, but, on November 30, 2009, his appeal was again returned unanswered because Petitioner failed to specify time frames for his claims and failed to follow DOC grievance procedures. See Dkt. # 10-6. Next, Petitioner wrote a letter to the Director's Designee requesting assistance with his paperwork. See Dkt. # 10-7 at 1-2. On December 16, 2009, the ARA provided instructions on how to proceed with requesting an appeal out of time. Id. at 3. Lastly, on January 5, 2010, Petitioner filed a request to submit grievance appeal out of time. See Dkt. # 10-8. The ARA received the request on January 8, 2010, and denied the request. Id.

On December 21, 2010, Petitioner filed a petition for writ of mandamus in Atoka County District Court, Case No. CV-2010-51, alleging he was being denied Ekstrand credits. See Dkt. # 10-9 at 3. By order filed April 25, 2011, the state district court denied the petition. See Dkt. # 10-10. The district judge reviewed a court-ordered Special Report, and found that "Petitioner has received all the Ekstrand Credits to which he is entitled." Id. at 3. Petitioner did not appeal the denial of relief. See Dkt. # 10-11.

Almost two years later, on March 5, 2013, Petitioner filed the instant petition for writ of habeas corpus, challenging the administration of his sentence. See Dkt. # 1. Petitioner states that

3

he seeks sentence credits for the period from the date he was originally received into DOC custody, March 31, 1989, to the date of his parole, May 18, 2006.  See id. at 2.

### ANALYSIS

In response to the petition, Respondent filed a motion to dismiss (Dkt. # 10) arguing that dismissal is warranted on three grounds: the Court lacks subject matter jurisdiction, the petition is time barred, and Petitioner failed to exhaust state administrative and judicial remedies before filing his petition.  As discussed below, the Court finds the petition is time barred and shall be dismissed with prejudice.  For that reason, the Court finds it unnecessary to address Respondent's other arguments.

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   The provisions of § 2244(d) also extend to both § 2254 and § 2241 petitions. Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006).  Petitioner's claims in this case accrued when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  § 2244(d)(1)(D).  Where a petitioner timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final.   Dulworth, 442 F.3d at 1268. However, the holding of Dulworth does not apply where a petitioner's grievance was not timely and properly filed.  Titsworth v. Mullin, 415 F. App'x 50, 56 (10th Cir. Feb. 14, 2011) (unpublished)[3]; Foster v. Workman, 198 F. App'x 701, 704 (10th Cir. Sept. 22, 2006) (unpublished); Whitmore v. Miller, 2012 WL 2995651 (W.D. Okla. May 31, 2012) (unpublished).

In this case, Respondent argues that Petitioner could have discovered the factual predicate of his claim long before he began to exhaust administrative remedies.  See Dkt. # 10.  Under Oklahoma law, an inmate receives a record of his accumulated time served on a quarterly basis.  See Okla. Stat. tit. 57, § 138(I) (2001).  In addition, DOC procedures require facility heads to provide an inmate with a monthly report reflecting his projected release date.  See Dkt. # 10-14 at 6 (OP-060211(VI)(L)). Petitioner does not allege that he failed to receive these records and reports reflecting the status of his sentence. Therefore, the Court agrees with Respondent that Petitioner could have discovered the factual predicate of his claim with due diligence well in advance of his 2006 release on parole.  As a result, his petition, filed March 5, 2013, is time barred.

---

[3]This and other unpublished opinions are cited herein for persuasive value.  See 10th Cir. R. 32.1(A).

Even if the Court credits Petitioner with the date he actually discovered the factual predicate of his claim, his petition is time barred.  Petitioner states that he "became aware of his right to the 'work time credits' after his return [to DOC] custody on the parole revocation [in February 2008]."[4] See Dkt. # 1 at 2.  Therefore, he had one year from February 2008, or until February 2009, to file a timely petition for writ of habeas corpus.  The record reflects that he did not begin to exhaust administrative remedies until May 7, 2009, when he claims to have submitted his first Request to Staff.  Thus, he waited more than a year after becoming aware of his claim to file his first Request to Staff.  As a result, he failed to exhaust administrative remedies in a timely manner and his efforts to exhaust administrative remedies did not toll the limitations period.[5]  Titsworth, 415 F. App'x at 56-57.  Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's one-year limitations period expired in February 2009, and his petition, filed March 5, 2013, is untimely.

---

[4]A record maintained by DOC identifies Petitioner's most recent date of reception into DOC custody as February 7, 2008.  See Dkt. # 11-1.

[5]The Court further notes that even if Petitioner's one-year period did not begin to run until January 8, 2010, the date of the last communication from the ARA, his petition is untimely.  Under those facts, Petitioner's limitations period began January 9, 2010, and expired on January 9, 2011.  However, when Petitioner filed his petition for writ of mandamus in Atoka County District Court, on December 21, 2010, his one year limitations clock stopped running, with nineteen days remaining in his one year period.  28 U.S.C. § 2244(d)(2).  Once his state court proceedings concluded, Petitioner had to file his habeas petition within the nineteen days remaining in his limitations period.  His petition for writ of mandamus was denied on April 25, 2011.  Petitioner did not appeal.  However, Petitioner is entitled to tolling for the thirty (30) days after entry of the state district court's order when he could have filed a timely appeal.  Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law).  Thus, he is entitled to tolling of the limitations period from December 21, 2010, when he filed his petition for writ of mandamus in state district court, through May 25, 2011, or thirty (30) days after the state district court denied relief on April 25, 2011.  He had to file his federal habeas petition within nineteen days of May 25, 2011, or by June 13, 2011, to be timely.  Under that factual scenario, his petition, filed March 5, 2013, is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not begin to exhaust judicial remedies until he filed his petition for writ of mandamus on December 21, 2010. By that time, his one-year limitations period had already expired. As a result, Petitioner is not entitled to tolling of the limitations period based on § 2244(d)(2). See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations).

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner did not file a response to the motion to dismiss and nothing in the record suggests that he is entitled to equitable tolling. The Court recognizes that, in his petition, Petitioner alleges he "is a simple man and only knows layman terms and wording and in no ways [sic] means to be disrespectful to this Honorable Court." See Dkt. # 1 at 1. However, Petitioner's ignorance of the

7

law does not excuse his failure to file a timely petition.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).  The Court further notes that, after his petition for writ of mandamus was denied in Atoka County District Court on April 25, 2011, Petitioner waited almost two years, or until March 5, 2013, to file his federal petition for writ of habeas corpus.   Based on that record, the Court finds Petitioner did not pursue his habeas corpus claims diligently. Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808.

## CONCLUSION

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss shall be granted.  The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Emma Watts, Warden, in place of Rodney Redman, Warden, as party respondent.

2. Respondent's motion to dismiss (Dkt. # 10) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time barred.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 17th day of January, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE